UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> Keith F. Simmons, an individual; Black Diamond Capital Solutions, L.L.C.; Black Diamond Holdings, L.L.C.; Deanna Salazar, an individual; Life Plus Group L.L.C.; Bryan Coats, an individual; Genesis Wealth Management, L.L.C.; Jonathan Davey, an individual; Divine Circulation Services, L.L.C.; Safe Harbor Ventures, Inc.; Safe Harbor Wealth Investments, Inc.; Divine Stewardship, L.L.C.; and Safe Harbor Wealth, Inc. <br><br> Defendants, and <br><br> Lawrence Salazar, an individual; Eco-Green, L.L.C.; Black Diamond Associates, L.L.C.; High South Realty, L.L.C.; The Gallery Group, L.L.C.; Coats Estate Planning Services, Inc.; Coats Wealth Management, Inc.; Sovereign Grace, Inc.; and Shiloh Estate, L.L.C. <br><br> Relief Defendants. | CASE NO. 3:11 cv 23-RJC-DCK |

CONSENT STATUTORY RESTRAINING ORDER,
ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF
AGAINST DEFENDANTS DEANNA SALAZAR AND LIFE PLUS GROUP L.L.C.
AND RELIEF DEFENDANT LAWRENCE SALAZAR

1

Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission") has filed a Complaint against Defendants Keith Simmons ("Simmons"), Black Diamond Capital Solutions, L.L.C. ("BDCS"), Black Diamond Holdings L.L.C. ("BD Holdings"), Deanna Salazar ("Salazar"), Life Plus Group, L.L.C. ("Life Plus"), Bryan Coats ("Coats"), Genesis Wealth Management, L.L.C. ("GWM"), Jonathan Davey ("Davey"), Divine Circulation Services, L.L.C. ("Divine Circulation"), Safe Harbor Ventures Inc. ("SHV"), Safe Harbor Wealth Investments, Inc. (SHWI"), Divine Stewardship, L.L.C. ("Divine Stewardship"), and Safe Harbor Wealth, Inc. ("SHW"), and Relief Defendants Lawrence Salazar ("L. Salazar"), Eco-Green, L.L.C. ("Eco-Green"), Black Diamond Associates, L.L.C. ("BD Associates"), High South Realty, L.L.C. ("High South"), The Gallery Group, L.L.C. ("Gallery Group"), Coats Estate Planning Services, Inc. ("Coats Estate, Inc."), Coats Wealth Management, Inc. ("Coats Wealth"), Sovereign Grace, Inc. ("Sovereign Grace"), and Shiloh Estate, L.L.C. ("Shiloh Estate") for Permanent Injunction, Civil Monetary Penalties, and Other Equitable Relief.

Defendants Salazar and Life Plus ("Defendants") and Relief Defendant L. Salazar ("Relief Defendant") consent to the entry of this Statutory Restraining Order ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privileges under the United States Constitution or any other rights or privileges, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's jurisdiction over the Defendants and Relief Defendant for purposes of this Order. As it appears to the Court that there is good cause to believe that Defendants have engaged, are engaging in, or are about to engage in violations of the Commodity Exchange Act, as amended, 7 U.S.C. §§ 1 et. seq. (2006), and that this is a proper case for granting the requested relief to preserve the status

2

quo, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court enters this Order as follows:

**THE COURT HEREBY FINDS THAT:**

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. There is good cause to believe that Defendants have engaged, are engaging, or are about to engage in acts and practices constituting violations of the Act, as amended, 7 U.S.C. §§ 1, et seq. (2006).

4. There is good cause to believe that Relief Defendant has received, is receiving, or is about to receive funds, assets or property as a result of Defendants' violative acts, that Relief Defendant has been unjustly enriched thereby, and that Relief Defendant does not have any legitimate interest or entitlement to those funds, assets or property received as a result of Defendants' unlawful conduct.

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants and Relief Defendant of assets or records unless Defendants and Relief Defendant are immediately restrained and enjoined by Order of the Court.

3

6. Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief Defendant in order to assure payment of restitution and disgorgement as authorized and for the benefit of customers.

7. Good cause exists for entry of an order prohibiting Defendants and Relief Defendant, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants and Relief Defendant, including any successor thereof, from destroying records and/or denying Commission representatives access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books records.

8. Good cause exists to require an accounting to determine the location and disposition of customers' funds.

9. Good cause exists to order repatriation of assets controlled by Defendants and Relief Defendant to assure payment of restitution and disgorgement as authorized and for the benefit of customers.

10. Good cause exists for the Plaintiff to conduct expedited discovery in order to locate Defendants' other customers, identify customers' funds and other of Defendants' and Relief Defendant's assets, and clarify the source of various funds.

11. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

DEFINITIONS

For purposes of this Order, the following definitions apply:

12. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("FRCP") 34(a), and includes, but is not limited

4

to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

13. "Assets" mean any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, direct or indirect control, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at financial institutions), credits, receivables, lines of credit, contracts including spot and futures or options contracts, insurance policies, and all cash, wherever located.

14. "Defendants" shall mean and refer to Deanna Salazar and Life Plus Group, L.L.C., and also to any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of, or for the benefit of Defendants.

15. "Relief Defendant" shall mean and refer to Lawrence Salazar, and also to any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of, or for the benefit of Relief Defendant.

## RELIEF GRANTED

### I. ORDER AGAINST TRANSFER, DISSIPATION, AND DISPOSAL OF ASSETS

IT IS HEREBY ORDERED that:

16. Defendants and Relief Defendant, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of

5

this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of Defendants' or Relief Defendant's Assets wherever located, including Defendants' and Relief Defendant's Assets held outside the United States, except as provided in Section III of this Order, or as otherwise ordered by the Court. The Assets affected by this paragraph shall include both existing Assets and Assets acquired after the effective date of this Order.

17. Defendants and Relief Defendant are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by Defendants and Relief Defendant.

## II. DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' or Relief Defendant's Assets at any time since April 2007, shall:

18. Prohibit Defendants and Relief Defendant, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' or Relief Defendant's Assets, except as directed by further Order of the Court;

19. Deny Defendants and Relief Defendant, and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendant, either individually or jointly; or (b) otherwise subject to access by Defendants or Relief Defendant;

6

20. Provide counsel for the Commission, within ten (10) business days of entry of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendant, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendant, either individually or jointly, or is otherwise subject to access by Defendants or Relief Defendant; and

21. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

III. ACCOUNTING AND TRANSFER OF FUNDS AND DOCUMENTS

IT IS FURTHER ORDERED that within ten (10) business days of the date of entry of this Order, Defendants shall:

22. Provide the Commission with a full accounting of all of Defendants' and Relief Defendant's Assets and documents, including those outside of the United States;

7

23. Transfer to the territory of the United States all of Defendants' and Relief Defendant's Assets (other than real property) and documents located outside the United States; and

24. Provide the Commission access to all records of Defendants and Relief Defendant held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

## IV. MAINTENANCE OF BUSINESS RECORDS

IT IS FURTHER ORDERED that:

25. Defendants and Relief Defendant, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants and Relief Defendant, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants and Relief Defendant, and their subsidiaries or affiliates.

## V. INSPECTION AND COPYING OF BOOKS AND RECORDS

IT IS FURTHER ORDERED that:

26. Representatives of the Commission shall immediately be allowed to inspect the books, records, and other documents of Defendants and Relief Defendant, and their agents, including, but not limited to, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are on the person of Defendants or Relief Defendant, or others, and to copy said documents, information and records, either on or off Defendants' or Relief Defendant's premises; and

27. Defendants and Relief Defendant, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants and Relief Defendant, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile or other electronic transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of Defendants and Relief Defendant, wherever such books and records may be situated.

## VI. ORDER GRANTING EXPEDITED DISCOVERY

**IT IS HEREBY ORDERED** that:

28. The Commission may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d).

29. The Commission may take depositions of Defendants, Relief Defendant, and non-parties subject to twenty-one (21) calendar days notice, or less if agreed to by the parties, pursuant to FRCP 30(a) and 45, notice shall be given to counsel for the Defendants and Relief Defendant identified herein, and may be given personally, by facsimile or by electronic mail. Further, more than ten depositions may be taken and, if necessary, any deposition may last more than seven hours.

30. The Commission may conduct expedited discovery for the purpose of discovering the nature, location, status, source, and extent of Assets of the Defendants and Relief Defendant and the location of any documents reflecting those Assets.

9

## VII. BOND NOT REQUIRED OF PLAINTIFF

IT IS FURTHER ORDERED that:

31. Plaintiff Commission is an agency of the United States of America and, accordingly, need not post a bond.

## VIII. SERVICE OF ORDER

IT IS FURTHER ORDERED that:

32. This Order shall be served on counsel for the Defendants and Relief Defendant identified herein, and may be given personally, by facsimile, or by electronic mail. All subsequent pleadings, correspondence, notices required by this Order, and other materials shall be served consistent with Federal Rule of Civil Procedure Rule 4.

## IX. PROHIBITION FROM VIOLATIONS OF THE ACT

IT IS HEREBY ORDERED that:

33. Defendants, except as otherwise ordered by this Court, are restrained and enjoined from, directly or indirectly, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of section 5a(g), that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market -- (A) cheating or defrauding or attempting to cheat or defraud the other person; (B) willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; [or] (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of paragraph (2),

10

with the other person, in violation of Sections 4b(a)(1)(A)-(C) and 4b(a)(2)(A)-(C) of the Act as amended by the CFTC Reauthorization Act of 2008, § 13102, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6b(a)(2)(A)-(C).

## X. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Statutory Restraining Order.

SO ORDERED, at Charlotte, North Carolina, on the 19 day of January 2011.

_____
UNITED STATES DISTRICT JUDGE

CONSENTED AND APPROVED BY:

_____
Alan Edelman
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, D.C. 20581
202-418-5325
Attorney for Plaintiff

Date: 1/10/11

_____
Deanna Salazar, Individually

11

Date: 01/04/2011

_____
Life Plus Group, LLC, Authorized Representative

Date: 01/04/2011

_____
Lawrence Salazar, Individually

Date: 01/04/2011

Approved for Entry:

_____
Brian Bieber
Hirschhorn & Bieber, P.A.
550 Biltmore Way
Penthouse Three A
Coral Gables, Florida 33134
305-445-5320
Attorney for Defendants

Date: 1/6/2011

12