UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv23-RJC-DCK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) KEITH E. SIMMONS et al., ) ) Defendants, and ) ) LAWRENCE SALAZAR, et al., ) ) Relief Defendants. ) ) | ORDER |

**THIS MATTER** comes before the Court on Plaintiff Commodity Futures Trading Commission's ("Commission") Motion for a Statutory Restraining Order, Accounting, Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief (Doc. No. 3) (the "Motion"). The Court, having considered the Motion, the memorandum in support thereof, and all other evidence presented by plaintiff, and having heard the arguments of counsel, finds that:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-l (2006), and Section 2(c)(2) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-l(e).

3. There is good cause to believe that Defendants Keith Simmons, Black Diamond Capital Solutions, L.L.C., Black Diamond Holdings L.L.C., Bryan Coats, Genesis Wealth Management, L.L.C., Jonathan Davey, Divine Circulation Services, L.L.C., Safe Harbor Ventures Inc., Safe Harbor Wealth Investments, Inc., Divine Stewardship, L.L.C., and Safe Harbor Wealth, Inc. (collectively, "Defendants") have engaged, are engaging, or are about to engage in acts and practices constituting violations of the Act, as amended, 7 U.S.C. §§ 1, et seq. (2006).

4. There is good cause to believe that Relief Defendants Eco-Green, L.L.C., Black Diamond Associates, L.L.C., High South Realty, L.L.C., The Gallery Group, L.L.C., Coats Estate Planning Services, Inc., Coats Wealth Management, Inc., Sovereign Grace, Inc., and Shiloh Estate, L.L.C. (collectively "Relief Defendants") have received, are receiving, and are about to receive funds, assets or property as a result of Defendants' violative acts and have been unjustly enriched thereby. The Relief Defendants do not have any legitimate interest or entitlement to those funds, assets or property received as a result of Defendants' unlawful conduct.

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants and Relief Defendants of assets or records unless Defendants and Relief Defendants are immediately restrained and enjoined by Order of the Court.

6. Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief Defendants in order to assure payment of restitution and disgorgement as authorized and for the benefit of customers.

7. Good cause exists for entry of an order prohibiting Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants, including any successor thereof, from destroying records and/or denying Commission representatives access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books records.

8. Good cause exists to require an accounting to determine the location and disposition of customers' funds.

9. Good cause exists to order repatriation of assets controlled by Defendants and Relief Defendants to assure payment of restitution and disgorgement as authorized and for the benefit of customers.

10. Good cause exists for the Plaintiff to conduct expedited discovery in order to locate Defendants' other customers, identify customers' funds and other of Defendants' assets, and clarify the source of various funds.

11. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions apply:

12. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("FRCP") 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

13. "Assets" mean any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, direct or indirect control, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at financial institutions), credits, receivables, lines of credit, contracts including spot and futures or options contracts, insurance policies, and all cash, wherever located.

14. "Defendants" shall mean and refer to Keith Simmons, Black Diamond Capital Solutions, L.L.C., Black Diamond Holdings L.L.C., Bryan Coats, Genesis Wealth Management, L.L.C., Jonathan Davey, Divine Circulation Services, L.L.C., Safe Harbor Ventures Inc., Safe Harbor Wealth Investments, Inc., Divine Stewardship, L.L.C., and Safe Harbor Wealth, Inc., and also to any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of, or for the benefit of Defendants.

15. "Relief Defendants" shall mean and refer to Eco-Green, L.L.C., Black Diamond Associates, L.L.c., High South Realty, L.L.C., The Gallery Group, L.L.C., Coats Estate Planning Services, Inc., Coats Wealth Management, Inc., Sovereign Grace, Inc., and Shiloh Estate, L.L.C., and also to any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of, or for the benefit of Relief Defendants.

**RELIEF GRANTED**

**I. ORDER AGAINST TRANSFER, DISSIPATION, AND DISPOSAL OF ASSETS**

**IT IS HEREBY ORDERED** that:

16. Defendants, Relief Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and

persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of Defendants' or Relief Defendants' Assets wherever located, including Defendants' or Relief Defendants' Assets held outside the United States, except as provided in Section III of this Order, or as otherwise ordered by the Court. The Assets affected by this paragraph shall include both existing Assets and Assets acquired after the effective date of this Order.

17. Defendants and Relief Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by Defendants.

## II. DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' at any time since April 2007, shall:

18. Prohibit Defendants, Relief Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' or Relief Defendants' Assets, except as directed by further Order of the Court;

19. Deny Defendants, Relief Defendants, and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; or (b) otherwise subject to access by Defendants or Relief Defendants;

20. Provide counsel for the Commission, within ten (10) business days of entry of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and ( c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly, or is otherwise subject to access by Defendants or Relief Defendants; and

21. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

### III. ACCOUNTING AND TRANSFER OF FUNDS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within ten (10) business days of the date of entry of this Order, Defendants and Relief Defendants shall:

22. Provide the Commission with a full accounting of all of Defendants' and Relief Defendants' Assets and documents, including those outside of the United States;

23. Transfer to the territory of the United States all of Defendants' and Relief Defendants'

Assets (other than real property) and documents located outside the United States; and

24. Provide the Commission access to all records of Defendants and Relief Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

## IV. MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that:

25. Defendants, Relief Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants or Relief Defendants, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants or Relief Defendants and their subsidiaries or affiliates.

## V. INSPECTION AND COPYING OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that:

26. Representatives of the Commission shall immediately be allowed to inspect the books, records, and other documents of Defendants, Relief Defendants, and their agents, including, but not limited to, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are on the person of Defendants, Relief Defendants, or others, and to copy said documents, information and records, either on or off Defendants' or Relief Defendants' premises; and

27. Defendants, Relief Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants or Relief Defendants, including

any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile or other electronic transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of Defendants and Relief Defendants, wherever such books and records may be situated.

## VI. ORDER GRANTING EXPEDITED DISCOVERY

**IT IS HEREBY ORDERED** that:

28. The Commission may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d).

29. The Commission may take depositions of Defendants and non-parties subject to five (5) calendar days notice pursuant to FRCP 30(a) and 45, notice shall be given to counsel for the Defendants identified herein, and may be given personally, by facsimile or by electronic mail. Further, more than ten depositions may be taken and, if necessary, any deposition may last more than seven hours.

30. The Commission may conduct expedited discovery for the purpose of discovering the nature, location, status, source, and extent of Assets of the Defendants and Relief Defendants and the location of any documents reflecting those Assets.

## VII. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

31. Plaintiff Commission is an agency of the United States of America and, accordingly, need not post a bond.

## VIII. ORDER TO SHOW CAUSE

**IT IS FURTHER ORDERED** that:

32. Defendants shall appear before this Court on Tuesday, February 23, 2011, at 10:00 a.m. in the Robert D. Potter Courtroom at the Charles R. Jonas Federal Building in Charlotte, North Carolina, to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and why the other relief requested should not be granted pending trial on the merits of this action.

33. Should any party wish to file a memorandum of law or other papers in opposition to Plaintiff s Motion for a Preliminary Injunction, all papers shall be filed on or before Wednesday, February 16, 2011. Service of all papers shall be by electronic mail, overnight mail, facsimile, or personal service.

34. In addition to the Defendants, Relief Defendant Shiloh Estates, LLC, is invited to attend the hearing, where it will be allowed the opportunity to show cause why its property should not remain frozen or be disgorged.

## IX. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that:

35. This Order shall be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or assets of Defendants or Relief Defendants, or that may be subject to any provision of the statutory restraining order; and

36. The Summons, Complaint, or other process may be effected by any CFTC representative, any U.S. Marshal or deputy U.S. Marshal, or in accordance with Fed R. Civ. P. 4.

## X. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Statutory Restraining Order.

    **SO ORDERED.**

Signed: February 11, 2011

Robert J. Conrad, Jr.
Chief United States District Judge