UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-23 -RJC-DCK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| KEITH F. SIMMONS et al., | )   ORDER<br>) |
| Defendants, and | )<br>) |
| LAWRENCE SALAZARY et al., | )<br>) |
| Relief Defendants. | )<br>) |

**THIS MATTER** is before the Court on the United States' Motion to Intervene and Motion to Stay Civil Discovery. (Doc. No. 58). For the following reasons, the Motion to Intervene is **GRANTED** and the Motion to Stay Civil Discovery is **GRANTED.**

The Government seeks to intervene under Rule 24 for the limited purpose of moving to stay discovery. Rule 24(b) gives the district court discretion to permit a nonparty to intervene in a private lawsuit where that party's claims and the pending civil action share questions of law and fact and where such intervention would not "unduly delay and prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). "Courts that have addressed a motion to intervene for the limited purpose of seeking a stay in a civil action filed on behalf of the United States have allowed intervention where the civil action shares the same common questions of fact as a parallel criminal proceeding." Ashworth v. Albers Med., Inc*.,* 229 F.R.D. 527, 529 (S.D. W. Va. 2005) (citing other cases).

The United States' application to intervene was filed at an early stage in the litigation. The criminal proceedings and civil action involve common questions of law and fact. All of the parties except for the defendant Keith Simmons have indicated that they consent to the motion to intervene, and Simmons has not responded to the motion. Therefore, the United States' Motion to Intervene is granted for the limited purpose of moving to stay discovery.

The United States moves to stay civil discovery for a period of twelve months pending its parallel criminal investigation. "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action." United States v. Kordel, 397 U.S. 1, 12 n.27 (1970). Courts have developed the following multi-factor balancing test to evaluate whether a stay is appropriate: "(1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the case, including whether defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously versus the prejudice to the plaintiff resulting from the delay; (4) the interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest." See S.E.C. v. Gordon, No. 09-cv-61, 2009 WL 2252119, *4 (N.D. Okla. July 28, 2009).

The parties consent to a stay of civil discovery, as set forth in the Consent Agreement filed by the parties (Doc. No. 65), and the position of Bryan Coats as relayed to the Court, except for Defendant Keith Simmons, who has not responded to the motion. For the reasons set forth in the motion of the United States, and the consent of the parties who have responded, the Court finds that the motion to stay civil discovery is well-founded. As stipulated in the Consent Agreement, "[t]he criminal case will resolve the vast majority of the issues before the Court in the civil matter, and thus will promote judicial economy. Allowing civil discovery to go forward would disrupt the criminal

case, thwart the criminal discovery rules, force certain parties to assert their Fifth Amendment right, and contravene the public interest in law enforcement." Id.

**IT IS THEREFORE ORDERED** that:

1. The United States' Motion to Intervene is **GRANTED;**

2. The United States' Motion to Stay Civil Discovery is **GRANTED**. All discovery in this matter is stayed until February 28, 2012. If an indictment relating to the subject matter of this civil suit is pending at that time, the United States may move to extend the stay until the conclusion of the criminal trial regarding such indictment.

**SO ORDERED.**

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge