UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> Keith F. Simmons et al., <br><br> Defendants, and <br><br> Lawrence Salazar et al., <br><br> Relief Defendants. | CASE NO. 3:11-cv-00023-RJC |

## ORDER OF PRELIMINARY INJUNCTION
## AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS
## KEITH SIMMONS, BLACK DIAMOND CAPITAL SOLUTIONS, L.L.C.,
## AND BLACK DIAMOND HOLDINGS L.L.C.

Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission") has filed a Complaint against Defendants Keith Simmons ("Simmons"), Black Diamond Capital Solutions, L.L.C. ("BDCS"), Black Diamond Holdings L.L.C. ("BD Holdings"), Deanna Salazar ("Salazar"), Life Plus Group, L.L.C. ("Life Plus"), Bryan Coats ("Coats"), Genesis Wealth Management, L.L.C. ("GWM"), Jonathan Davey ("Davey"), Divine Circulation Services, L.L.C. ("Divine Circulation"), Safe Harbor Ventures Inc. ("SHV"), Safe Harbor Wealth Investments, Inc. (SHWI"), Divine Stewardship, L.L.C. ("Divine Stewardship"), and Safe Harbor Wealth, Inc. ("SHW"), and Relief Defendants Lawrence Salazar ("L. Salazar"), Eco-Green, L.L.C. ("Eco-Green"), Black Diamond Associates, L.L.C. ("BD Associates"), High South

1

Realty, L.L.C. ("High South"), The Gallery Group, L.L.C. ("Gallery Group"), Coats Estate Planning Services, Inc. ("Coats Estate, Inc."), Coats Wealth Management, Inc. ("Coats Wealth"), Sovereign Grace, Inc. ("Sovereign Grace"), and Shiloh Estate, L.L.C. ("Shiloh Estate") for Permanent Injunction, Civil Monetary Penalties, and Other Equitable Relief.

On January 19, 2011, the Court entered a Consent Statutory Restraining Order and Order of Preliminary Injunction and Other Equitable Relief Against Defendants Salazar and Life Plus, and Relief Defendant L. Salazar. On February 11, 2011, the Court entered an Order granting Plaintiff's Motion for a Statutory Restraining Order, Accounting, Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief ("Motion") against Defendants Simmons, BDCS, BD Holdings, Coats, GWM, Davey, Divine Circulation, SHV, SHWI, Divine Stewardship, and SHW, and Relief Defendants Eco-Green, BD Associates, High South, Gallery Group, Coats Estate, Inc., Coats Wealth, Sovereign Grace, and Shiloh Estate. The Court's February 11, 2011 Order ordered Defendants Simmons, BDCS, BD Holdings, Coats, GWM, Davey, Divine Circulation, SHV, SHWI, Divine Stewardship, and SHW to appear before the Court on February 23, 2011 at 10:00 a.m. to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and why the other relief requested should not be granted pending trial on the merits of this action. Defendants Simmons, BDCS, and BD Holdings ("Defendants") failed to appear or otherwise answer or respond.[1]

The Court has considered Plaintiff's Complaint, the memorandum of law filed in support of Plaintiff's Motion, with accompanying declarations and exhibits thereto, and argument of counsel, and the Court being fully advised in the premises,

---

[1] Service of the summons and complaint in this matter was effected upon Defendants Simmons and BDCS on January 21, 2011, and upon Defendant BD Holdings on February 4, 2011. To date, Defendants Simmons, BDCS, and BD Holdings have failed to answer or otherwise respond to Plaintiff's Complaint.

**THE COURT HEREBY FINDS** that:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) in that Defendants are found, inhabit or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

3. There is good cause to believe that Defendants have engaged, are engaging, or are about to engage in acts and practices constituting violations of Sections 4b(a)(1)(A)-(C) and 4b(a)(2)(A)-(C) of the Act as amended by the CFTC Reauthorization Act of 2008, § 13102, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6b(a)(2)(A)-(C), and there is a reasonable likelihood that Plaintiff will prevail on the merits of this action.

4. There is good cause for granting a preliminary injunction to preserve the *status quo*, protect Defendants' customers (as well as the trading public at large) from further loss and damage, remove the danger of further violations of the Act, and allow the Commission to fulfill its statutory duties.

## RELIEF GRANTED

### I. PROHIBITION FROM VIOLATIONS OF THE ACT

**IT IS HEREBY ORDERED** that:

4. Defendants, and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of section 5a(g), that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market – (A) cheating or defrauding or attempting to cheat or defraud the other person; (B) willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; [or] (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of paragraph (2), with the other person, in violation of Sections 4b(a)(1)(A)-(C) and 4b(a)(2)(A)-(C) of the Act as amended by the CFTC Reauthorization Act of 2008, § 13102, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6b(a)(2)(A)-(C).

## II. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that:

5. This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. The Order Granting Plaintiff's Motion for a Statutory Restraining Order, Accounting, Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction, and Other Equitable Relief, previously ordered by the Court on February 11, 2011, shall remain in full force and effect until further order of this Court, with the exception of those provisions of Section VI of the Order granting expedited discovery, which are stayed pursuant to the Court's Order of _March 15_, 2011 staying discovery in this matter.

**SO ORDERED**, at Charlotte, North Carolina, on the _4TH_ day of _April_, 2011.

_____
UNITED STATES DISTRICT JUDGE