FILED
CHARLOTTE, NC

APR 13 2011

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> Keith F. Simmons et al., <br><br> Defendants, and <br><br> Lawrence Salazar et al., <br><br> Relief Defendants. | CASE NO. 3:11-cv-00023-RJC |

**CONSENT ORDER GRANTING CERTAIN BUSINESS EXPENSES TO DEFENDANT SAFE HARBOR WEALTH, INC. AND REASONABLE LIVING EXPENSES TO DEFENDANT JONATHAN DAVEY**

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed its *Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief* against Defendants Jonathan Davey ("Davey") and Safe Harbor Wealth, Inc. ("SHW"), among others, on January 13, 2011.

The Court entered a Statutory Restraining Order ("SRO") against Davey and SHW, among others, on February 11, 2011. Among other provisions, the SRO froze all of the assets of Davey and SHW.

The Court entered a *Consent Order of Preliminary Injunction and Other Equitable Relief* ("PI Order") against Davey and SHW, among others, on March 30, 2011. Among other provisions, the PI Order ordered that the SRO shall remain in full force and effect until further

1

order of this Court, with the exception of certain provisions relating to discovery. As a result, the freeze on the assets of Davey and SHW continues.

Plaintiff and Defendants Davey and SHW hereby consent to this order amending the PI Order to allow SHW to pay a salary to Davey for services rendered and to grant reasonable living expenses to Davey. SHW and Davey affirm that no promises, coercion, or threats of any kind have been made by the Commission, or by any representative of the Commission, in consideration of this Consent Order, and that they enter into this Consent Order freely, knowingly, and willfully.

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

The PI Order entered by this Court on March 30, 2011, shall be amended as follows:

1. SHW is authorized to establish a new bank account in its name (the "SHW After-Acquired Income Account") into which it shall deposit all income acquired after the date of this Consent Order. Within five (5) days of opening the account, SHW shall disclose to the Commission the name, location, and account number of the account. SHW is authorized to draw up to, but no more than, $2,789 per month from the SHW After-Acquired Income Account for the payment of a salary to Davey for services rendered. Under no circumstances, during any month, may SHW draw more than $2,789 from the SHW After-Acquired Income Account, nor may it draw money from the SHW After-Acquired Income Account for any purpose other than payment of a salary to Davey for services rendered.

2. SHW shall provide the Commission, with five (5) days after receipt by it, with copies of each monthly bank statement from the SHW After-Acquired Income Account, along with copies of all checks written on the accounts. Furthermore, at the request of the Commission, SHW shall provide the Commission, within five (5) days of such request, with

evidence of the source of any deposits to the SHW After-Acquired Income Account and the purpose of any cash withdrawals from the SHW After-Acquired Income Account.

3. Davey is authorized to establish a new bank account in his name (the "Davey After-Acquired Income Account") into which he shall deposit all income acquired after the date of this Consent Order, including, but not limited to, any salary paid to Davey by SHW from the SHW After-Acquired Income Account. Within five (5) days of opening the Davey After-Acquired Income Account, Davey shall disclose to the Commission the name, location, and account number of the account. Davey is authorized to draw up to, but no more than, $2,789 per month from the Davey After-Acquired Income Account for the payment of reasonable living expenses. In addition, Davey is authorized to draw up to an additional $11,000 per calendar year from the Davey After-Acquired Income Account for payment of medical insurance deductible expenses on an as-needed basis for Davey and those members of his family covered under Anthem Blue Cross Blue Shield insurance policy number XXX-XX-4861.

4. In the event that the amount of funds in the Davey After-Acquired Income Account is insufficient in any month to meet the amount of Davey's reasonable living expenses authorized to be paid under Paragraph 3 above, Davey is authorized to draw funds during such month from the Hopewell Federal Credit Union Account Number XXX66-00 up to, but no more than, the amount necessary to make up for the insufficiency; provided, however, that the total amount of all withdrawals from the Hopewell Federal Credit Union Account Number XXX66-00 may not exceed $18,120.52. Under no circumstances, during any month, may Davey draw any funds from the Hopewell Federal Credit Union Account Number XXX66-00 until he has exhausted all available funds from the Davey After-Acquired Income Account. Moreover, under no circumstances, during any month other than a month in which payments are made for medical

insurance deductible expenses under Anthem Blue Cross Blue Shield insurance policy number XXX-XX-4861, may Davey draw more than $2,789 combined from both the Davey After-Acquired Income Account and the Hopewell Federal Credit Union Account.

6. Davey shall provide the Commission, within five (5) days after receipt by him, with copies of each monthly bank statement from the Davey After-Acquired Income Account and the Hopewell Federal Credit Union Account Number XXX66-00, along with copies of all checks written on the accounts. Furthermore, at the request of the Commission, Davey shall provide the Commission, within five (5) days of such request, with evidence of the source of any deposits to the Davey After-Acquired Income Account and the purpose of any cash withdrawals from the Davey After-Acquired Income Account or the Hopewell Federal Credit Union Account Number XXX66-00.

7. Except as amended herein, the PI Order entered March 30, 2011 shall remain in full force and effect until further order of this Court.

SO ORDERED this 11TH day of April, 2011 at Charlotte, North Carolina.

UNITED STATES DISTRICT JUDGE

4

CONSENTED AND APPROVED BY:

_____
Alan Edelman
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, D.C. 20581
202-418-5325
Attorney for Plaintiff

Date: 4/8/11

_____
Jonathan Davey, Individually

Date: 4/8/11

_____
Safe Harbor Wealth, Inc., Authorized Representative

Date: 4/8/11

Approved for Entry:

_____
Joseph E. Zeszotarski
Poyner Spruill
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
(919) 783-1005
Attorney for Defendants Jonathan Davey and Safe Harbor Wealth, Inc.

Date: 4/8/11

5