FILED
CHARLOTTE, NC

APR 2 8 2011

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC



# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| Keith F. Simmons et al., | ) ) | CASE NO. 3:11-cv-00023-RJC |
| Defendants, and | ) ) ) | |
| Lawrence Salazar et al., | ) ) ) | |
| Relief Defendants. | ) ) ) | |

## CONSENT ORDER GRANTING REASONABLE LIVING EXPENSES TO DEFENDANT DEANNA SALAZAR AND RELIEF DEFENDANT LAWRENCE SALAZAR

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed its *Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief* against Defendant Deanna Salazar ("D. Salazar") and Relief Defendant Lawrence Salazar ("L. Salazar") (collectively, "the Salazars"), among others, on January 13, 2011.

The Court entered a *Consent Statutory Restraining Order, Order of Preliminary and Other Equitable Relief Against Defendants Deanna Salazar, Life Plus Group, LLC and Relief Defendant Lawrence Salazar* ("Consent SRO/PI Order") on January 19, 2011. Among other provisions, the Consent SRO/PI Order froze all of the assets of the Salazars.

Plaintiff and the Salazars hereby consent to this order amending the Consent SRO/PI Order to grant reasonable living expenses to the Salazars. The Salazars affirm that no promises,

1



coercion, or threats of any kind have been made by the Commission, or by any representative of the Commission, in consideration of this Consent Order, and that they enter into this Consent Order freely, knowingly, and willfully.

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

The Consent SRO/PI Order entered by this Court on January 19, 2011, shall be amended as follows:

1.      The Salazars are authorized to establish a new joint bank account in their names (the "Salazar After-Acquired Income Account") into which they shall deposit all income acquired after the date of this Consent Order. Within five (5) days of opening the account, the Salazars shall disclose to the Commission the name, location, and account number of the account. The Salazars are authorized to draw from the Salazar After-Acquired Income Account: (a) up to, but no more than, $4,084.45 per month for the payment of reasonable living expenses only; (b) up to, but no more than, an additional $2,026.23 per calendar year for the payment of property taxes to the San Bernardino County Tax Collector on parcel number XXXXX5411XXXX; and (c) exactly $4,157.90 for a one-time payment to Chase Home Lending in order to satisfy a delinquency on the Salazar's home mortgage loan number XXXXXX6820.

2.      In the event that the amount of funds in the Salazar After-Acquired Income Account is insufficient in any month to meet the amount of the Salazars' reasonable living expenses or other payments authorized to be paid under Paragraph 1 above, the Salazars are authorized to draw funds up to, but no more than, the amount necessary to make up for the insufficiency during such month from any or all of the following accounts:

   a. USAA Federal Savings Bank Account Number XXXXX-X129-9;

   b. USAA Federal Savings Bank Account Number XXXXX-X420-8;

2

c. Navy Federal Credit Union Account Number XXXX-3706;

d. Navy Federal Credit Union Account Number XXXX-3730;

e. Navy Federal Credit Union Account Number XXXX-3300; and

f. Navy Federal Credit Union Account Number XXXX-3003

("Currently Frozen Accounts"); provided, however, that the total amount of all withdrawals from the Currently Frozen Accounts may not exceed $11,590.13. Under no circumstances, during any month, may the Salazars draw any funds from the Currently Frozen Accounts until they have exhausted all available funds from the Salazar After-Acquired Income Account. Moreover, under no circumstances, during any month other than a month during which payments are made for property taxes to the San Bernardino County Tax Collector on parcel number XXXXX5411XXXX or to Chase Home Lending to satisfy the delinquency on the Salazar's home mortgage number XXXXXXX6820, may the Salazars draw more than $4,084.45 combined from the Salazar After-Acquired Income Account and the Currently Frozen Accounts.

3. The Salazars shall provide the Commission, with five (5) days after receipt by them, with copies of each monthly bank statement from the Salazar After-Acquired Income Account and the Currently Frozen Accounts, along with copies of all checks written on the accounts. Furthermore, at the request of the Commission, the Salazars shall provide the Commission, within five (5) days of such request, with evidence of the source of any deposits to the Salazar After-Acquired Income Account and the purpose of any cash withdrawals from the Salazar After-Acquired Income Account or the Currently Frozen Accounts.

4. Except as amended herein, the Consent SRO/PI Order entered January 19, 2011 shall remain in full force and effect until further order of this Court.

3

SO ORDERED this 22nd day of _April_ , 2011 at Charlotte, North Carolina.

_____
UNITED STATES DISTRICT JUDGE

CONSENTED AND APPROVED BY:

_____
Alan Edelman
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, D.C. 20581
202-418-5325
Attorney for Plaintiff

Date: 4/21/11

_____
Deanna Salazar, Individually

Date: 4/16/2011

_____
Lawrence Salazar, Individually

Date: 4-16-2011

4

Approved for Entry:

Brian Bieber
Hirschhorn & Bieber, P.A.
550 Biltmore Way
Penthouse Three A
Coral Gables, Florida 33134
Telephone: (305) 445-5320
Facsimile: (305) 446-1766
E-Mail: bbieber@aquitall.com
Attorney for Defendant Deanna Salazar and Relief Defendant Lawrence Salazar

Date: 4/18/11