# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-23-RJC-DCK

| | |
|---|---|
| US. COMMODITY FUTURES TRADING COMMISSION, | ) ) |
| Plaintiff, | ) ) **ORDER** |
| v. | ) ) ) |
| KEITH F. SIMMONS ET AL., | ) ) |
| Defendants, and | ) ) |
| LAWRENCE SALAZAR ET AL., | ) |
| Relief Defendants. | |

**THIS MATTER** is before the Court on the parties' Motion for Entry of Proposed Consent Order Granting Reasonable Living Expenses to Defendant Bryan Coats (Doc. No. 79). Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed its Complaint for Injunctive Relief Civil Monetary Penalties, and Other Equitable Relief against Defendant Bryan Coats ("Coats"), among others, on January 13, 2011. The Court entered a Statutory Restraining Order ("SRO") against Coats, among others, on February 11, 2011. Among other provisions, the SRO froze all of Coats's assets. The Court entered a Consent Order of Preliminary Injunction and Other Equitable Relief ("PI Order") against Coats, among others, on March 30, 2011. Among other provisions, the PI Order ordered that the SRO shall remain in full force and effect until further order of this Court, with the exception of certain provisions relating to discovery. As a result, the freeze on Coats's assets continues.

Plaintiff and Defendant consent to this order amending the PI Order to grant reasonable living expenses to Coats. Coats affirms that no promises, coercion, or threats of any kind have been made by the Commission, or by any representative of the Commission, in consideration of

this Consent Order, and that he enters into this Consent Order freely, knowingly, and willfully.

**THE PARTIES AGREE AND IT IS HEREBY ORDERED that:**

The PI Order entered by this Court on March 30, 2011, shall be amended as follows:

1. Coats is authorized to establish a new joint bank account in his name (the "Coats After-Acquired Income Account") into which he shall deposit all income acquired after the date of this Consent Order. Within five (5) days of opening the account, Coats shall disclose to the Commission the name, location, and account number of the account. Coats is authorized to draw from the Coats After-Acquired Income Account: (a) up to, but no more than, $4,493 per month for the payment of reasonable living expenses only; (b) up to, but no more than, an additional $595 per calendar year for payment to Marsh U.S. Consumer on professional Errors and Omissions Insurance Policy Number 287287986; (c) exactly $896.06 for a one-time payment to Etheridge Oil Company to satisfy a delinquency on Coats's home heating bill; (d) exactly $1010 for a one-time payment to Neuse Colony c/o HRW, Inc., in order to satisfy a delinquency on Coats's homeowners' association dues.

2. In the event that the amount of funds in the Coats After-Acquired Income Account is insufficient in any month to meet the amount of Coats's reasonable living expenses or other payments authorized to be paid under Paragraph 1 above, Coats is authorized to draw funds up to, but no more than, the amount necessary to make up for the insufficiency during such month from any or all of the following accounts:

    a. RBC Banle Account Number XXX-XXX5731;

    b.       State Employees' Credit Union Account Number XXXX3905;

    c.       State Employees' Credit Union Account Number XX7138;

    d.       State Employees' Credit Union Account Number XXX5552;

    e.       Keesler Federal Credit Union Account Number XXXOl13;

    f.       USAA Federal Savings Banle Account Number XXX0643;

    g.       USAA Federal Savings Banle Account Number XXX0678; and

    h.       USAA Federal Savings Bank Account Number XXX0651;

("Currently Frozen Accounts"); provided, however, that the total amount of all withdrawals from the Currently Frozen Accounts may not exceed $13,453.14. Under no circumstances, during any month, may Coats draw any funds from the Currently Frozen Accounts until he has exhausted all available funds from the Coats After-Acquired Income Account. Moreover, under no circumstances, during any month other than a month during which payments are made to Marsh U.S. Consumer for Errors and Omissions Insurance, to Etheridge Oil Company to satisfy the delinquency on Coats's home heating bill, or to Neuse Colony c/o HRW, Inc. to satisfy the delinquency on Coats's homeowners' association bill, may Coats draw more than $4,493 combined from the Coats After-Acquired Income Account and the Currently Frozen Accounts.

3. Coats shall provide the Commission, within five (5) days after receipt by him, with copies of each monthly bank statement from the Coats After-Acquired Income Account, and; the Currently Frozen Accounts, along with copies of all checks written on the accounts. Furthermore, at the request of the Commission, Coats shall provide the Commission, within five (5) days of such request, with

evidence of the source of any deposits to the Coats After-Acquired Income Account and the purpose of any cash withdrawals from the Coats After-Acquired Income Account or the Currently Frozen Accounts.

4. Except as amended herein, the PI Order entered March 30, 2011 shall remain in full force and effect until further order of this Court.

Signed: June 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

CONSENTED AND APPROVED BY:

Alan Edelman
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, D.C. 20581
202-418-5325
Attorney for Plaintiff

Bryan Coats, Individually

Approved for Entry:
Joseph Nanney
Meynardie & Nanney, PLLC
Fayetteville Street, Suite 500
Raleigh, NC 27601
(919) 747-7374
Fax: (919) 324-6590
E-Mail: joe@mnlaw-nc.com
Attorney for Defendant Bryan Coats