UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Keith F. Simmons et al., | ) CASE NO. 3:11-cv-00023-RJC ) |
| Defendants, and | ) ) |
| Lawrence Salazar et al., | ) ) |
| Relief Defendants. | ) ) |

**CONSENT ORDER TO PERMIT THE SALE OF CERTAIN REAL PROPERTY LOCATED AT 459 ORCHARD DRIVE IN GRANVILLE, OHIO**

On January 13, 2011, Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed its *Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief* in the instant matter. Jonathan Davey and Divine Circulation Services, LLC, Safe Harbor Ventures, Inc., Safe Harbor Wealth Investments, Inc., Divine Stewardship, LLC, Safe Harbor Wealth, Inc., and Sovereign Grace, Inc. (collectively, "Davey and the Davey Entities") are named defendants and/or relief defendants in the matter. Shiloh Estate, LLC ("Shiloh"), which is the owner of certain real property located at 459 Orchard Drive, Granville, Ohio (hereinafter, the "Orchard Drive Property"), is also a named relief defendant in the matter.

On February 11, 2011, the Court entered a Statutory Restraining Order ("SRO") which, among other things, froze the assets of all named defendants and relief defendants.

On February 23, 2011, the Commission, the United States, by and through the United States Attorney for the Western District of North Carolina, Davey and the Davey Entities, and Thaddeus Claggett and Claggett & Sons, Inc. and Shiloh (collectively, "Claggett and the Claggett Entities") filed a *Consent Order and Agreement* to permit the sale of the Orchard Drive Property under certain enumerated conditions; however, the sale anticipated under the *Consent Order and Agreement* was never consummated and the *Consent Order and Agreement* was never entered by the Court.

On March 15, 2011, the Court granted the motion of the United States, by and through the United States Attorney for the Western District of North Carolina, to intervene in the matter and to stay civil discovery.

On March 30, 2011, the Court entered a *Consent Order of Preliminary Injunction and Other Equitable Relief* ("PI Order") against Davey and the Davey Entities and Shiloh, among others. Among other provisions, the PI Order ordered that the SRO shall remain in full force and effect until further order of this Court, with the exception of certain provisions relating to discovery. As a result, the freeze on Shiloh's assets continues.

The Commission, the United States, by and through the United States Attorney for the Western District of North Carolina, Davey and the Davey Entities, and Claggett and the Claggett Entities hereby consent to this order amending the PI Order to permit the sale of the Orchard Drive property. Davey and the Davey Entities and Shiloh affirm that no promises, coercion, or threats of any kind have been made by the Commission, or by any representative of the Commission, in consideration of this Consent Order, and that they enter into this Consent Order freely, knowingly, and willfully.

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

The PI Order entered by this Court on March 30, 2011, shall be amended as follows:

1. The Orchard Drive Property is held and/or was held by Davey and the Davey Entities, who purported to sell the property to Claggett and the Claggett Entities. This transaction between Davey and the Davey Entities and Claggett and the Claggett Entities is subject to further scrutiny by both the Commission in this civil action and the United States its criminal action. Regardless of the nature of the underlying transaction(s) between Claggett and the Claggett Entities and Davey and the Davey Entities, the parties agree that a contract for the sale of the Orchard Drive Property should be allowed to go forward under the terms and conditions set forth herein.

2. The parties hereto agree that Claggett and the Claggett Entities shall be permitted to pursue the sale of the Orchard Drive Property to a third party purchaser. Any such sale shall be subject to a written agreement between the parties to this Consent Agreement.

3. In the event any such sale is consummated, the parties agree that the "proceeds of the sale" of Orchard Drive Property should be held in the Registry of the Court pending either voluntary resolution of the parties' disputes regarding such proceeds, or further order of the Court regarding same.

4. Pursuant to Paragraph 3 above, the Clerk of the Court is hereby ordered to deposit the "proceeds of sale" into an interest-bearing account in the Court's Registry pending either voluntary resolution of the parties' disputes regarding such proceeds, or further order of the Court regarding same. 1Upon receipt of the funds, the Clerk of the Court, as soon as the business of his office allows, shall place the funds in an interest-bearing account at the prevailing

rate of interest.  The United States shall serve a copy of this Order upon the Clerk of Court and/or the Financial Deputy Clerk.

5. As to any sale of the Orchard Drive Property, the parties hereto agree that the "proceeds of sale" for purposes of this Order shall be the "net proceeds" (line 603 "Cash to Seller" of the HUD-1 Settlement Statement) less the total amount of Cognovit Notes outstanding at the time of sale, materials and subcontractors bills outstanding at the time of sale, and Cognovit Notes paid prior to the time of sale.  Calculation of Cognovit Notes outstanding at the time of sale, materials and subcontractors bills outstanding at the time of sale, and Cognovit Notes paid prior to the time of sale shall occur as follows: Prior to the execution of any contract or occurrence of any scheduled auction to sell the Orchard Drive Property, Claggett and the Claggett Entities shall provide the Commission and the United States with any and all requested information concerning the proposed sale or scheduled auction, including documentation concerning Cognovit Notes outstanding at the time of sale, materials and subcontractors bills outstanding at the time of sale, and Cognovit Notes paid prior to the time of sale.

6. Following their review of the aforementioned information, the Commission and the United States shall state in writing whether they agree with Claggett and the Claggett Entities' calculation of what the "proceeds of sale" for purposes of this Order shall be; and whether they agree that the proposed sale appears to be at arm's length and reasonable (or, in the case of an auction, that the scheduled auction will not result in the sale of the property below an agreed-upon amount).  Upon the issuance of such written statements, Claggett and the Claggett Entities shall be permitted to carry out the sale of the Orchard Drive Property.

7. The "proceeds of sale," upon disbursement to Claggett and the Claggett Entities, shall be immediately transferred to the Clerk of Court, as directed elsewhere in this Consent Agreement.

8. Except as amended herein, the PI Order entered March 30, 2011 shall remain in full force and effect until further order of this Court.

Signed: October 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

_____

| | |
|---|---|
| ANNE M. TOMPKINS<br>UNITED STATES ATTORNEY | FOR THE CFTC |

_____

**Kurt W. Meyers**
DC Bar Number: 490500
**Mark T. Odulio**
State Bar of Maryland
**Jennifer A. Youngs**
North Carolina Bar Number 23925
**Benjamin Bain-Creed**
Florida Bar Number 10021436
Assistant United States Attorneys
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.344.6222
Fax: 704.344.6629
E-mail: Kurt.Meyers@usdoj.gov

_____

**Alan Edelman**
Senior Trial Attorney
**Anne M. Termine**
Chief Trial Attorney
**James H. Holl, III**
Chief Trial Attorney
**1155 21st Street, N.W.**
　　　Washington, D.C. 20581
Telephone: 202.418.5000
Fax: 202.418.5538
E-mail: aedelman@cftc.gov


FOR JONATHAN DAVEY, DIVINE CIRCULATION SERVICES, LLC, SAFE HARBOR VENTURES, INC., SAFE HARBOR WEALTH INVESTMENTS, INC., DIVINE STEWARDSHIP, LLC, SAFE HARBOR WEALTH, INC., AND SOVEREIGN GRACE, INC.

FOR THADDEUS CLAGGETT, SHILOH ESTATE, LLC, AND CLAGGETT & SONS, INC.

_____
**Jonathan Davey**

_____
**Thaddeus Claggett**

_____

**E. Fitzgerald Parnell, III, Esq.**
**Joseph Edward Zeszotarski, Jr., Esq.**
Poyner & Spruill
One Wachovia Center, Suite 2300
301 College Street
Charlotte, NC 28202
Telephone: 704.342.525
Fax: 704.342.5264
E-mail: jparnell@poynerspruill.com

_____

**Jacob H. Sussman, Esq.**
**Tin Fulton Walker & Owen**
301 Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Fax: 704.338.1312
E-mail: jsussman@tinfulton.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of September, 2011, the foregoing document was served on the opposing parties in this action via ECF filing to:

| | | |
|---|---|---|
| **Alan Edelman** <br> aedelman@cftc.gov | **Joseph H. Nanney , Jr.** <br> joe@mnlaw-nc.com | **Douglas Michael Beard** <br> dbeard@copleylawfirmllc.com |
| **James H. Holl , III** <br> jholl@cftc.gov | **E. Fitzgerald Parnell, III** <br> parnell@poynerspruill.com | **Jacob H. Sussman** <br> jsussman@tinfulton.com |
| | **Joseph E. Zeszotarski Jr.** <br> jzeszotarski@poynerspruill.com | **Michael F. Copley** <br> mcopley@copleylawfirmllc.com |

Additionally, this document was served via email on the opposing parties via their counsel to:

**Brian Bieber**
bbieber@aquitall.com

**Rick Winiker, III**
swiniker@winikerlaw.com

Finally, this document was served via U.S. mail to Defendant Simmons at the following address:

**Keith Franklin Simmons**
PID 0000385655
P.O. Box 34429
Charlotte, N.C. 28234-4429

/s/ Jacob H. Sussman
Counsel for Thaddeus Claggett, Shiloh Estate, LLC, and Claggett & Sons, Inc.