UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Keith F. Simmons et al.,<br><br>　　　　　Defendants, and<br><br>Lawrence Salazar et al.,<br><br>　　　　　Relief Defendants. | CASE NO. 3:11-cv-00023-RJC |

## CONSENT ORDER MODIFYING THE STATUTORY RESTRAINING ORDER FOR THE LIMITED PURPOSE OF PERMITTING THE TRANSFER OF CERTAIN FUNDS TO THE CLERK OF THE COURT

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed its *Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief* against Defendant Deanna Salazar ("D. Salazar") and Relief Defendant Lawrence Salazar ("L. Salazar") (collectively, "the Salazars"), among others, on January 13, 2011.

The Court entered a *Consent Statutory Restraining Order, Order of Preliminary and Other Equitable Relief Against Defendants Deanna Salazar, Life Plus Group, LLC and Relief Defendant Lawrence Salazar* ("Consent SRO/PI Order") on January 19, 2011. Among other provisions, the *Consent SRO/PI Order* froze all of the assets of the Salazars. On April 22, 2011, the Court entered a *Consent Order Granting Reasonable Living Expenses to Defendant Deanna Salazar and Relief Defendant Lawrence Salazar* ("*April 22, 2011 Consent Order*") which

1

authorized the Salazars, under certain limited circumstances, to draw funds from certain specified accounts previously frozen under the *Consent SRO/PI Order* for the payment of reasonable living expenses. Those accounts of the Salazars not specified in the *April 22, 2011 Consent Order* remain frozen pursuant to the *Consent SRO/PI Order*.

On November 18, 2010, the Court entered a plea agreement agreed to by Defendant D. Salazar and the United States Attorney for the Western District of North Carolina ("U.S. Attorney") in connection with a criminal information filed against her based on the same facts which form the basis of the instant matter (*United States of America v. Deanna Ray Salazar*, WDNC Case No. 3:10-cr-244-RJC-DCK). Pursuant to that plea agreement, Defendant D. Salazar was advised by the U.S. Attorney that restitution would be mandatory in the criminal matter and would be set by the Court at the time of sentencing.

Plaintiff and Defendant D. Salazar and Relief Defendant L. Salazar hereby consent to this order amending the *Consent SRO/PI Order* to authorize the Salazars to transfer all funds currently held in certain specified accounts subject to the *Consent SRO/PI Order* and the *April 22, 2011 Consent Order* to the Western District of North Carolina Clerk of the Court for pre-payment towards Defendant D. Salazar's anticipated restitution in *United States of America v. Deanna Ray Salazar*, WDNC Case No. 3:10-cr-244-RJC-DCK, and then to close those accounts.

The Salazars affirm that no promises, coercion, or threats of any kind have been made by the Commission, or by any representative of the Commission, in consideration of this Consent Order, and that they enter into this Consent Order freely, knowingly, and willfully.

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

The *Consent SRO/PI Order* entered by this Court on January 19, 2011, and subsequently amended by the Court's *April 22, 2011 Consent Order*, shall be amended as follows:

1. The Salazars are authorized to transfer to the Western District of North Carolina Clerk of the Court all funds remaining in the following accounts subject to the *Consent SRO/PI Order* and the *April 22, 2011 Consent Order*:

    (a) US Bank Account No. xxxxxxx4576;

    (b) US Bank Account No. xxxxxxx3375;

    (c) Wells Fargo Bank Account No. xxxxxx2615;

    (d) Wells Fargo Bank Account No. xxxxxx2136;

    (e) Wells Fargo Bank Account No. xxxxxx5187;

    (f) Chase Bank Account No. xxxxxx7846;

    (g) Chase Bank Account No. xxxxxx0628;

    (h) Chase Bank Account No. xxxxxx8120;

    (i) Chase Bank Account No. xxxxxx6290;

    (j) USAA Bank Account No. xxxxx4194;

    (k) Navy Federal Credit Union Account No. xxxxxx3706;

    (l) Navy Federal Credit Union Account No. xxxxxx3003;

    (m) Navy Federal Credit Union Account No. xxxxxx3300;

    (n) Navy Federal Credit Union Account No. xxxxxx3730;

    (o) USAA Federal Savings Bank Account No. xxxxxx4208; and

    (p) USAA Federal Savings Bank Account No. xxxxxx1299.

2. Upon transfer of all funds pursuant to Paragraph 1 above, the Salazars are authorized to close the bank accounts listed in Paragraph 1(a)-(p) above.

3. Except as amended herein, the *Consent SRO/PI Order* entered January 19, 2011, as amended by the *April 22, 2011 Consent Order*, shall remain in full force and effect until further order of this Court.

SO ORDERED this 8th day of May, 2012 at Charlotte, North Carolina.

UNITED STATES DISTRICT JUDGE

CONSENTED AND APPROVED BY:

Alan Edelman
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, D.C. 20581
202-418-5325
Attorney for Plaintiff

Date: 2/21/12

Deanna Salazar, Individually

Date: 2/9/2012

4

_____
Lawrence Salazar, Individually

Date: 7 Feb 2012


Approved for Entry:

_____
Brian Bieber
Hirschhorn & Bieber, P.A.
550 Biltmore Way
Penthouse Three A
Coral Gables, Florida 33134
Telephone: (305) 445-5320
Facsimile: (305) 446-1766
E-Mail: bbieber@aquitall.com
Attorney for Defendant Deanna Salazar and Relief Defendant Lawrence Salazar

Date: 2/8/12

4.