UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CV-23

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KEITH F. SIMMONS, et al,<br><br>Defendant.<br><br>LAWRENCE SALAZAR, et al.<br><br>Relief Defendants. | ORDER |

**CONSENT ORDER TO PERMIT THE SALE OF CERTAIN REAL PROPERTY LOCATED AT 459 ORCHARD DRIVE IN GRANVILLE, OHIO WITHOUT TRANSFER OF THE PROCEEDS OF SALE TO THE CLERK OF COURT**

On January 13, 2011, Plaintiff U.S. Commodity Future Trading Commission ("Commission") filed its *Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief* in the instant matter. (Doc. No. 1). Jonathan Davey and Divine Stewardship, LLC, Safe Harbor Wealth, Inc., and Sovereign Grace, Inc. (collectively, "Davey and the Davey Entities") are named defendants and/or relief defendants in the matter. Shiloh Estate, LLC ("Shiloh"), which is on title to certain real property located at 459 Orchard Drive, Granville, Ohio (hereinafter, the "Orchard Drive Property"), is also a named relief defendant in the matter.

On February 11, 2011, the Court entered a Statutory Restraining Order ("SRO") which, among other things, froze the assets of all named defendants and relief defendants. (Doc. No. 47).

On February 23, 2011, the Commission, The United States, by and through the United States Attorney for the Western District of North Carolina, Davey and the Davey Entities, and Thaddeus Claggett and Claggett & Sons, Inc. and Shiloh (collectively, "Claggett and the Claggett Entities") filed a *Consent Order and Agreement*, (Doc. No. 65), to permit the sale of the Orchard Drive Property under certain enumerated conditions; however, the sale anticipated under the *Consent Order and Agreement* was never consummated and the *Consent Order and Agreement* was never entered by the Court.

On March 15, 2011, the Court granted the motion of the United States, by and through the United States Attorney for the Western District of North Carolina, to intervene in the matter and to stay civil discovery. (Doc. No. 69).

On March 30, 2011, the Court entered a *Consent Order of Preliminary Injunction and Other Equitable Relief* ("PI Order") against Davey and the Davey Entities and Shiloh, among others. (Doc. No. 73). Among other provisions, the PI Order contained provisions that the SRO shall remain in full force and effect until further order of this Court, with the exception of certain provisions relating to discovery. As a result, the freeze on Shiloh's assets continues.

On October 7, 2011, the Court entered a *Consent Order to Permit the Sale of Certain Real Property Located at 459 Orchard Drive in Granville, Ohio* ("Orchard Drive Order"). (Doc. No. 89). Among other provisions, the Orchard Drive Order ordered that Claggett and the Claggett Entities shall be permitted to pursue a sale of the Orchard Drive Property to a third-party purchaser, and that the proceeds of any such sale should be held in the Registry of the Court pending either voluntary resolution of the parties' disputes regarding such proceeds, or further order of the Court regarding the same. "Proceeds of sale" is defined by the Consent Order as the "net proceeds" (line 603 "Cash to Seller of the HUD-1 Settlement Statement) minus: 1) the total amount of Cognovit

Notes outstanding at the time of sale; 2) materials and subcontractor bills outstanding at the time of sale; 3) Cognovit Notes paid prior to the time of the sale.

The Commission, the United States, by and through the United States Attorney for the Western District of North Carolina, and Claggett and the Claggett Entities hereby consent to this order amending the Orchard Drive Order to permit the sale of a portion of the Orchard Drive Property to David A. Clark and Marie Singer-Clark without requiring that any of the proceeds of sale be deposited with the Clerk of Court. Claggett, the Claggett Entities and Shiloh affirm that no promises, coercion, of threats of any kind have been made by the Commission, or by any representative of the Commission, or the United States in consideration of this Consent Order, and that they enter this Consent Order freely, knowingly, and willfully.

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1) Shiloh, LLC has entered into a contract for the sale by Shiloh of a portion of the Orchard Drive Property for a sales price of $205,000. A preliminary settlement statement indicates that Shiloh will have net proceeds from the sale of $189,769.55.

2) Counsel for Claggett and the Claggett Entities have provided information to the Commission and the Government that the amount of Cognovit Notes paid prior to the time of sale is $344,477.

3) Given that the total amount of the Cognovit Notes paid prior to the time of the proposed sale exceeds the purchase price, the parties agree that there will be no "proceeds of sale" from this proposed sale to be deposited with the Clerk of Court.

4) The parties further agree that the proposed sale appears to be at arms-length and reasonable.

5) Claggett and the Claggett Entities shall provide to the Commission and the United States a copy of the final settlement statement for the sale.

6) Claggett and the Claggett entities are hereby authorized to proceed with the proposed sale of the Orchard Drive Property to David A. Clark and Marie Singer-Clark without the necessity for further approval and without the necessity to deposit any of the proceeds of the sale with the Clerk of Court.

7) The net proceeds realized from the sale shall be offset against the amount of Cognovit Notes paid prior to the time of the sale.

8) The check for the net proceeds realized from the sale shall be sent by the settlement agent to Shiloh, care of Claggett & Sons, Inc. at Claggett's office located at 3396 Sharon Valley Road, Newark, Ohio 43055-9311.

9) Except as amended herein, the PI Order entered March 30, 2011, (Doc. No. 73), and the Orchard Drive Order entered October 7, 2011, (Doc. No. 89), shall remain in full force and effect until further order of this Court.

Signed: November 15, 2016

_____
Robert J. Conrad, Jr.
United States District Judge