RECEIVED
Charlotte, NC

APR 17 2017

Clerk, US District Court
Western District NC

FROM: 27328058
TO:
SUBJECT: Response to Denial of Motion to Stay Proceedings
DATE: 04/09/2017 06:37:43 PM

United States District Court
For The Western District of North Carolina
Charlotte Division

| | | |
|---|---|---|
| U.S. Commodities Futures Trading Commission, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case #   3:11-cv-00023-RJC-DCK |
| | ) | |
| Jonathan Davey, | ) | |
| Defendant | ) | |

Response to Judgment of Denial to Defendant's Motion to "Stay the Proceedings" of this case

COMES NOW, Jonathan Davey, pro se, with his response to the District Court's denial to "Stay the Proceedings" of this case.

Davey acknowledges the heavy burden, at this stage of the process, of prevailing in the civil case due to collateral estoppel of his criminal conviction (Case #  3:12-cr-00068-RJC-DCK). Davey emphatically denies the accusations made against him by the CFTC. Davey also is not able to hire counsel at this time nor currently has access to all of the supporting documents to prove the claims enumerated below. However, as he prevails in his criminal case, the CFTC's positions will consequently become void.

Davey preserves all of his rights to refute the false allegations in the civil case and hold accountable the following egregious actions of the CFTC and the individual decision makers within the agency:

  1) Their unconstitutional clandestine freezing of Davey's personal and corporate assets without a hearing in 2011.
  2) Their restrictions placed upon Davey in 2011 to all future earnings above an arbitrary threshold dictated by the CFTC.
  3) Their imposition in 2011 that Davey's spendable expenses be limited to approximately the U.S. poverty level standards (this imposition has yet to be revoked).
  4) Intentionally preventing Davey from hiring counsel of his choice. This prevented Davey from hiring counsel in both this civil case and the criminal trial in 2013 mentioned above.
  5) Preventing Divine Circulation Services, Ltd. (DCS) shareholders from access to their legal and rightful assets and intervening to prevent Davey's on-going operation of returning shareholders their principle in DCS.
  6) Their unconstitutional and unprecedented seizure of shareholder assets from the legal control of DCS:
    a) failure to acknowledge Davey's voluntary notification to the CFTC of DCS assets outside of the United States and Davey's voluntary attempt to repatriate those assets back into the United States for the sole purpose of returning them to DCS Shareholders;
    b) failure to assist DCS in the cost, effort, and diplomacy of repatriating said assets from two European countries;
    c) The subsequent seizure of these assets after repatriation;
    d) placing the interests of the CFTC and their employees above the interest of DCS Shareholders;
    e) the false claim of "recovering ponzi-scheme funds" when they took no part in the actual "recovery";
    f) unfairly and unjustly seizing Black Diamond ponzi scheme victim assets based solely on a victim's status. If the victim was a DCS shareholder, their assets were seized. If the victim was not a DCS shareholder, their funds were not seized.
  7) As a regulatory agency specifically tasked with investigating and stopping investment fraud, they failed to timely act upon their knowledge of Keith Simmons' fraudulent scheme for which Davey was wrongly convicted of being a participant.

8) The CFTC acquired knowledge of Simmons' scheme and received a written confession from Simmons explaining his operation long before Davey knew any crime was being committed. From that point forward, the CFTC's actions were unjustifiable, malicious, corrupt, intentional, and reckless.

9)The CFTC is further culpable and liable of aiding and abetting the Black Diamond ponzi scheme created and orchestrated by Keith Simmons for the following acts or omissions:

a) was fully aware of the fraud being committed but took no action against Simmons or his fraudulent Black Diamond operation until 2011, approximately two years after learning of his fraud and millions of dollars later;

b) maliciously failed to inform Davey or DCS of any fraud, repeatedly ignored his requests for more information, and willfully intervened to prevent Davey from learning of any fraud;

c) failed to notify Simmons' bank, local law enforcement, current victims of Simmons' fraud, or future victims of Simmons' fraud;

d) obfuscated their investigations so as to lull Davey and many others into a false sense of security of relying upon their regulatory responsibility of protecting the public and stopping known ongoing active fraud;

e) gave tacit approval to Keith Simmons' fraudulent operation;

f) purposefully misled Davey to conclude that he or DCS was not involved in any fraudulent activity;

g) allowed DCS's certified public auditors to falsely assume that DCS's investments were legitimate;

h) When Davey was subpoenaed by the CFTC in May 2009, ignored Davey's good-faith efforts of volunteering relevant information which was beyond the scope of the CFTC's subpoenas;

i) allowed Keith Simmons' Bank, Community One Bank, to keep Simmons' account active to receive and distribute fraudulent funds in his Black Diamond account thereby recklessly aiding and abetting Simmons' ponzi scheme;

j) failed to take legal action against any employees or officers of Black Diamond, other than Simmons, for their collusion in the fraud;

k) failed to take any legal action against Community One Bank despite the bank's admission and acceptance of responsibility for violating numerous sections of the Bank Secrecy Act, the Uniform Fiduciaries Act, aiding and abetting Simmons' fraud, acting in bad faith, and never alerting Davey despite directly transacting over $20 million with him.

l)failed to take any legal action or hold accountable any officer or employee of Community One Bank for the admitted violations mentioned above in item #9(k).

m) conspired and colluded to create a fraudulent indictment on Davey, the only whistle-blower to the CFTC's negligence, incompetence, and malfeasance;

n) successfully suppressed all of this information during Davey's criminal trial.

For the above reasons, Davey does not concede this case but reserves all of his rights and remedies to counter the impending summary judgment.

Jonathan Davey
Dated this 11th day of April, 2017

CLEVELAND OH 440

14 APR 2017 PM 4 L

NAME Jonathan Devine
REG.# 27328-058
Federal Correctional Institution Elkton
P. O. BOX 10
Lisbon, OH 44432

<> 27328-058 <>
Clerk Of Courts
401 W Trade ST
Clerk Room 210
Charlotte, NC 28202
United States

28202-161950

Legal Mail