UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-00023-RJC

| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BRYAN COATS, and JONATHAN DAVEY, | ) ) ) | **ORDER** |
| Defendants | ) ) ) ) | |

**THIS MATTER** comes before the Court on the motion of Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") for summary judgment, (Doc. No. 157), against Bryan Coats ("Coats") and Defendants Jonathan Davey ("Davey"), and related pleadings. Defendants have responded to the motion, (Doc. No. 160: Davey Response; Doc. No. 178: Coats Response; Doc. No. 179: Davey Supplemental Response); therefore, the issues are ripe for adjudication.

I.   BACKGROUND

This civil case arises out of a Ponzi scheme operating in this district and elsewhere approximately between 2007 and 2011. (Doc. No. 1: Complaint at 2, 6-12). Investigation of the scheme led to the criminal convictions of Keith Simmons, Bryan Coats, Jonathan Davey and others for various offenses including securities fraud, wire fraud, money laundering, and tax evasion. (See Case Nos. 3:10-cr-23 (Simmons), 3:11-cr-309 (Coats), 3:12-cr-68 (Davey)).

1

For purposes of this motion, Coats pled guilty to conspiring to commit offenses against the United States, including violations of Title 7, United States Code, Section 6b, and Title 17, Code of Federal Regulations, Section 1.1 (commodities fraud); Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 (securities fraud); and Title 18, United States Code, Section 1343 (wire fraud) (Count One) and to conspiring to commit money laundering in violation of Title 18, United States Code, Section 1956(h) (Count Two). (Case No. 3:11-cr-309, Doc. No. 11: Superseding Information; Doc. No. 12: Plea Agreement; Doc. No. 14: Acceptance and Entry of Guilty Plea).

Davey was convicted by a jury of conspiring to commit offenses against the United States, including violations of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 (securities fraud); and Title 18, United States Code, Section 1343 (wire fraud) (Count One); conspiring to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Count Two); conspiring to commit money laundering in violation of Title 18, United States Code, Section 1956(h) (Count Three);. and tax evasion in violation of Title 26, United States Code, Section 7201 (Count Four). (Case No. 3:12-cr-68, Doc. No. 174: Verdict).

The evidence at trial and sentencing tended to show that Simmons, Coats, Davey, and others fraudulently solicited approximately $40 million from hundreds of investors for purported trading in off-exchange foreign currency. (Doc. No. 157-1: CFTC Mem. at 5).[1] Even though false account statements showed profits for customers, investor funds were never traded, but rather were comingled and misappropriated for the personal benefit of Coats, Davey, and other

---

[1] The CFTC's Memorandum contains a cover page, table of contents, and table of authorities which causes its page numbers to differ from those designated by the CM/ECF system. To avoid confusion, the Court will refer to page numbers in the CM/ECF footer.

co-conspirators. (Id. at 6). Davey generally denies the accusations against him, (Doc. No. 179: Davey Supp. Resp. at 1), but neither Defendant has submitted evidence to create a genuine issue about these material facts.

II.     STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). This "burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once this initial burden is met, the burden shifts to the nonmoving party, which "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. The nonmoving party may not rely upon mere allegations or denials of allegations in the pleadings to defeat a motion for summary judgment, rather it must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Id. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any

inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248–49. "If the evidence is merely colorable or is not significantly probative," summary judgment is appropriate. Id. at 249–50 (citations omitted).

III. DISCUSSION

    A.    Collateral Estoppel

Davey's guilty verdict and Coats's guilty plea prevent each of them from relitigating the same issues in this civil proceeding. See SEC v. Farkas, 557 F. App'x 204, 206 (4th Cir. 2014) (guilty verdict in criminal securities fraud case collaterally estopped defendant from denying liability for civil securities fraud); Williams v. Comm'r of Internal Revenue, 498 F. App'x 284, 291 n. 6 (4th Cir. 2012) (guilty plea in criminal tax evasion case had same conclusive effect as trial for purposes of collateral estoppel in civil tax fraud case). The issue in this civil proceeding of fraudulent solicitation, misappropriation, and false statements in connection with future transactions in violation of 7 U.S.C. § 6b(a)(2)(A)-(C) of the Commodity Exchange Act ("CEA") is identical to the one previously litigated in Defendants' criminal cases. The issue was resolved against them by guilty plea or jury verdict, which was critical and necessary to their criminal judgments. Those judgments have been found valid and are now final. Defendants had full and fair opportunity to litigate the issue and facts in the criminal proceedings. Accordingly, CFTC is entitled to summary judgment against both Davey and Coats on the issue of whether they violated the CEA.

inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248–49. "If the evidence is merely colorable or is not significantly probative," summary judgment is appropriate. Id. at 249–50 (citations omitted).

III. DISCUSSION

    A.    Collateral Estoppel

Davey's guilty verdict and Coats's guilty plea prevent each of them from relitigating the same issues in this civil proceeding. See SEC v. Farkas, 557 F. App'x 204, 206 (4th Cir. 2014) (guilty verdict in criminal securities fraud case collaterally estopped defendant from denying liability for civil securities fraud); Williams v. Comm'r of Internal Revenue, 498 F. App'x 284, 291 n. 6 (4th Cir. 2012) (guilty plea in criminal tax evasion case had same conclusive effect as trial for purposes of collateral estoppel in civil tax fraud case). The issue in this civil proceeding of fraudulent solicitation, misappropriation, and false statements in connection with future transactions in violation of 7 U.S.C. § 6b(a)(2)(A)-(C) of the Commodity Exchange Act ("CEA") is identical to the one previously litigated in Defendants' criminal cases. The issue was resolved against them by guilty plea or jury verdict, which was critical and necessary to their criminal judgments. Those judgments have been found valid and are now final. Defendants had full and fair opportunity to litigate the issue and facts in the criminal proceedings. Accordingly, CFTC is entitled to summary judgment against both Davey and Coats on the issue of whether they violated the CEA.

B.   Remedies

The CEA, 7 U.S.C. § 13a-1(a)-(d), enables a court to impose injunctive relief, civil monetary penalties, and other equitable relief on a person found in violation of the Act. Here, the CFTC seeks a permanent injunction barring Defendants from registering and trading commodities. (Doc. No. 157-1: CFTC Mem. at 21-22). Coats argues that he should be able to trade on his own account in order to manage securities and equities held by him. (Doc. No. 178: Coats Resp. at 1). A permanent injunction is proper upon a showing that a defendant has violated the Act and "there is some reasonable likelihood of future violations" based on the totality of the circumstances. CFTC v. Hunt, 591 F.2d 1211, 1220 (7th Cir. 1979). Here, the violations were not an isolated occurrence, but were part of a lengthy and sophisticated criminal enterprise with devastating impact on the victims. Davey continues to maintain his conduct was blameless and both Defendants were involved in commodity trading based on professional occupation and career interest. Therefore, the Court finds Defendants each present a substantial risk of future violations which should be curbed by injunctive relief.

The CFTC also seeks restitution coextensive with that issued in the criminal cases. (Doc. No. 157-1: CFTC Mem. at 22). The Court has discretion to order restitution, 7 U.S.C. § 13a-1(d)(3)(A), even though Coats must pay restitution in the amount of $30,220,078.35, (Case No. 3:11-cr-309, Doc. No. 35: Amended Judgment at 4), and Davey has already been ordered to pay restitution in the amount of $21,815,407.44, (Case No. 3:12-cr-68, Doc. No. 263: Judgment at 4). The Court finds that enforcement tools available to the CFTC will facilitate payment to the victims; thus, a duplicate restitution order is appropriate in this civil proceeding.

Finally, the CFTC seeks civil monetary penalties in the amount of triple the gain of each Defendant. (Doc. No. 157-1: CFTC Mem. at 22-23). While the Court recognizes its discretion to

impose a civil monetary penalty, 7 U.S.C. § 13a-1(d)(1), the Court declines to do so in the circumstances of this case where the CFTC has not shown that Defendants hold assets or are likely to earn income upon release from confinement in excess of the mammoth restitution they owe. Accordingly, the Court finds that imposing a civil monetary penalty will not have a deterrent effect on Defendants or other persons.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that CFTC's Motion for Summary Judgment, (Doc. No. 157), is **GRANTED in part** and **DENIED in part**:

1. Defendants Davey and Coats shall be permanently restrained, enjoined and prohibited from directly or indirectly engaging, directly or indirectly in:

   a. conduct in violation of 7 U.S.C. §§ 6b(a)(2)(A)-(C);

   b. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

   c. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2009)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) for his own personal account or for any account in which he has a direct or indirect interest;

   d. having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on his behalf;

   e. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity

futures, options on commodity futures, commodity options, and/or forex contracts;

  f. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

  g. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009);

  h. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2009)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009); and

2. The injunctive provisions of this Order shall be binding upon Defendants, upon any person who acts in the capacity of officer, agent, employee, attorney, successor and/or assign of Defendants, and upon any person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Defendants.

3. Defendants shall pay full restitution in accordance with the existing restitution order in their respective criminal judgments, (Case No. 3:11-cr-309, Doc. No. 35: Amended Judgment at 4 (Coats); Case No. 3:12-cr-68, Doc. No. 263: Judgment at 4 (Davey)). Defendants shall cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, in its identification and disgorgement of Defendants' assets.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees that may be entered herein,

to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with the Order. All notice required to be given by any provision in the Order shall be sent by certified mail, return receipt to the CFTC's Deputy Director. In the event that Defendants change telephone number(s) and/or address(es) at any time, corporate agents shall provide written notice of the new number(s) and/or address(es) to the CFTC within ten calendar days thereof.

The Clerk of the Court is otherwise directed to close this case as to Defendants Davey and Coats.

Signed: September 18, 2017

Robert J. Conrad, Jr.
United States District Judge